T.C. Memo. 2006-221

UNITED STATES TAX COURT

GUSTAVO AND VERONICA ZERON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16462-05.                    Filed October 23, 2006.

Lowell E. Mann, for petitioners.

David A. Breen, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  The instant matter is before the Court on petitioners' motion for reasonable administrative and litigation costs[1] pursuant to Rule 231[2] and section 7430.  The issue we must

_____

[1]Although petitioners titled the instant motion "MOTION FOR AWARD OF REASONABLE ADMINISTRATIVE COSTS", the attached list of costs sought includes both administrative and litigation costs.
(continued...)

decide is whether petitioners were the prevailing party. For the reasons stated below, we deny petitioners' motion for reasonable costs.

## Background

At the time of filing the petition in the instant case, petitioners resided in West New York, New Jersey. Vanya Tyrrell (Mrs. Tyrrell) prepared petitioners' 2003 Form 1040, U.S. Individual Income Tax Return (tax return).[3]

On April 29, 2005, respondent sent a letter to petitioners requesting that they submit documentation to support certain deductions claimed on their tax return. Petitioners did not respond with the requested documentation. Instead, petitioners' attorney, Lowell E. Mann (Mr. Mann), sent a letter on May 23, 2005, protesting respondent's proposed adjustments and requesting that the case be transferred to respondent's Appeals Office.

---

[1](...continued)
We treat petitioners' motion as a motion for both administrative and litigation costs.

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

[3]Petitioners' tax return was one of approximately 175 tax returns that were prepared by Vanya Tyrrell and chosen for examination by respondent's Correspondence Examination Unit. All such cases involve similar unsubstantiated deductions. Lowell E. Mann represents the petitioners in all such cases and has filed virtually identical petitions for each such case.

Because petitioners failed to submit the requested documentation substantiating the disputed deductions, respondent determined a deficiency of $2,877 and sent petitioners a notice of deficiency on June 6, 2005.

Respondent advised petitioners by letter dated June 22, 2005, that their case would be transferred to respondent's Appeals Office, and on June 27, 2005, respondent transferred the case to the Appeals Office. Mr. Mann sent a letter to respondent on August 4, 2005, requesting that respondent rescind the notice of deficiency. That letter was not accompanied by documentation to support petitioners' claimed deductions.

Petitioners timely filed their petition in this Court on September 6, 2005. Respondent filed his answer on October 25, 2005. By notice dated November 10, 2005, the instant case was placed on the April 3, 2006, calendar in Philadelphia, Pennsylvania.

On March 27, 2006, Ms. Tyrrell sent documentation to support the deductions in question to Mr. Mann. Ms. Tyrrell faxed the documentation to respondent's counsel the same day. On April 3, 2006, the parties filed a stipulation of settled issues at the call of the instant case from the Philadelphia trial session

calendar, which indicated respondent's full concession.  In the
instant motion, petitioners now seek $3,092.50 in administrative
and litigation costs.

### Discussion

The prevailing party in a Tax Court proceeding may be
entitled to recover administrative and litigation costs.  See
sec. 7430(a); Rule 231.  However, a taxpayer will not be treated
as the prevailing party if the Commissioner's position was
substantially justified.  Sec. 7430(c)(4)(B); see Pierce v.
Underwood, 487 U.S. 552, 565 (1988).  The fact that Commissioner
concedes is not determinative of the reasonableness of
Commissioner's position.  Wasie v. Commissioner, 86 T.C. 962, 969
(1986).  The taxpayer bears the burden of proving the elements in
section 7430 required for an award of costs, except that the
taxpayer will not be treated as the prevailing party if the
Commissioner establishes that the position of the Commissioner
was substantially justified.[4]  See Rule 232(e).

The Court determines the reasonableness of respondent's
position as of the time respondent took respondent's position.
Sec. 7430(c)(7).  In the administrative proceeding here,
respondent took his position as of the date of the notice of

---

[4]The elements of sec. 7430 other than those in issue, supra
pp. 1-2, are not discussed.

deficiency.  Sec. 7430(c)(7)(B).  In the judicial proceeding, respondent took a position when respondent filed respondent's answer.  Sec. 7430(c)(7)(A), Huffman v. Commissioner, 978 F.2d 1139, 1144-47 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144.  Respondent's administrative and litigation positions are substantially justified if they have a reasonable basis in both law and fact. Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

In the instant case, we conclude that respondent's position was both reasonable and substantially justified in both the administrative and judicial proceedings.  Petitioners failed to provide the requisite documentation until after respondent issued the notice of deficiency and filed an answer.  Deductions are a matter of legislative grace, and petitioners must prove they are entitled to the deductions.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  In the absence of any proof of entitlement to the disputed deductions, respondent was reasonable to maintain his position that the disputed deductions were not allowed.  Prouty v. Commissioner, T.C. Memo. 2002-175. It was not until March 27, 2006, that respondent received the

documentation relating to the disputed deductions, at which time respondent conceded the propriety of the deductions.[5] Accordingly, we hold that petitioners are not entitled to recover their administrative costs.

We have considered all of petitioners' contentions,[6] and, to the extent they are not addressed herein, they are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[5]Respondent also contends that petitioners protracted the instant proceedings and are therefore ineligible for cost recovery. Sec. 7430(b)(3). Although we do not address that issue, since we have disposed of the instant motion on other grounds, we note that petitioners did not provide the required documentation to support their claimed deductions until 11 months after respondent requested it. Once in possession of the requested documentation, respondent presumably would have conceded the deductions at any point in the administrative or litigation process, as respondent ultimately did on the eve of trial just 1 week after receiving the documentation. Consequently, petitioners forced an administrative proceeding and litigation, instead of a brief exchange of correspondence.

[6]This includes both arguments made in petitioners' motion and subsequent memorandum of law.